[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-15104
Non-Argument Calendar

_____

D.C. Docket No. 1:15-mj-00949-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN-THOMAS STOKES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 31, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

John-Thomas Stokes appeals his conviction for driving in an unsafe or

reckless manner in violation of 38 C.F.R. § 1.218(a)(12).  On appeal, Stokes argues

that proof of specific intent was required to support his conviction, and that

because the Government failed to prove specific intent beyond a reasonable doubt, the conviction should be reversed.  Stokes also argues that the Government failed to prove beyond a reasonable doubt that he actually drove in an unsafe manner.

## I.

The appropriate *mens rea* for a given charge is a question of legal interpretation that we review *de novo*.  *United States v. Ettinger*, 344 F.3d 1149, 1153 (11th Cir. 2003).  The charging regulation for reckless or unsafe driving provides that "operation of a vehicle in a reckless or unsafe manner . . . is prohibited."  38 C.F.R. § 1.218(a)(12).  The regulation is silent as to the *mens rea* required for a conviction.  Thus, even if the wrongdoing can be considered criminal in nature, it is classified as an "infraction" under federal law, 18 U.S.C. § 3559(a)(9), and a petty offense.  18 U.S.C. § 19.

When a specific intent element is not "apparent on the face of" a statute, the "crime is one of general intent." *Ettinger*, 344 F.3d at 1158.  "[A] defendant need not intend to violate the law to commit a general intent crime." *United States v. Phillips*, 19 F.3d 1565, 1576 (11th Cir. 1994).  Instead, the evidence must simply show that the defendant intended "to do the act the law proscribes." *Id*. at 1576-77.

Proof of specific intent was not required to support Stokes's conviction for driving in an unsafe manner.  Even assuming for the sake of discussion that the violation is criminal, because a specific intent element is not "apparent on the face" of § 1.218(a)(12), unsafe driving is a crime of general intent.  *See Ettinger*, 344 F.3d at 1158.  The government was, therefore, not required to show that Stokes intended to violate the law or cause an accident.  Instead, the government was only required to prove that Stokes intended to stop suddenly and without cause, the unsafe "act the law proscribes."  *See Phillips*, 19 F.3d at 1576-77.  For the reasons discussed in further detail below, the Government provided sufficient evidence to make such a showing.

## II.

We review the sufficiency of the evidence *de novo*, viewing the record in the light most favorable to the government and drawing all reasonable inferences in favor of the verdict.  *United States v. Feliciano*, 761 F.3d 1202, 1206 (11th Cir. 2014).  We will uphold the conviction "unless a rational fact-finder could not have found the defendant guilty under any reasonable construction of the evidence."  *Id*. (quotation omitted).

The credibility of witnesses is the exclusive province of the factfinder, and we will not revisit the question unless a witness's testimony is "incredible as a

3

matter of law." *Id.* For testimony to be considered incredible as a matter of law, it must be unbelievable on its face. *Id.* In other words, the testimony must involve "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (quotation omitted). The fact that a witnesses has lied in the past, engaged in criminal activities, thought his testimony would benefit him, or showed elements of mental instability does not make his testimony inherently incredible. *United States v. Rivera*, 775 F.2d 1559, 1561 (11th Cir. 1985).

The district court did not err in affirming the conviction. In the light most favorable to the Government, the evidence was sufficient for a "rational fact-finder" to find that Stokes was agitated and intentionally braked without cause and with knowledge that Tsitsilianos was close behind. Tsitsilianos testified that he was following Stokes at a distance of 20-25 feet and a speed of 10-13 miles per hour. He testified that Stokes made an obscene gesture and stopped suddenly upon reaching the crosswalk. Wallace testified that he heard screeching tires, that he saw the rear-end of Stokes's vehicle rise, and that in his opinion, the accident would not have occurred if Stokes did not stop. He also testified that he saw Stokes display his finger towards Tsitsilianos. The factfinder specifically found Wallace's testimony to be credible and consistent with the evidence. The factfinder therefore determined that Stokes stopped suddenly without cause and

4

that this constituted unsafe driving for the purposes of the regulation.  The evidence was sufficient to support this finding.

Moreover, because there is no indication that any witness testimony was "incredible as a matter of law," we will not revisit the question of credibility. Although Tsitsilianos admitted that his traumatic brain injury can cause memory problems and that he has a number of traffic infractions, these facts do not make his testimony inherently incredible.  *See Rivera*, 775 F.2d at 1561.  Similarly, the fact that Wallace may be mistaken about which car was originally in front does not show that his testimony involved facts that he "physically could not have possibly observed or events that could not have occurred under the laws of nature." *Feliciano*, 761 F.3d at 1206.  These were credibility issues that the magistrate judge properly weighed in favor of a conviction.  Because credibility issues are for the factfinder, we will not disturb them on appeal.

Finally, the evidence was sufficient to show that Stokes intended to stop his vehicle suddenly and without warning.  Stokes told Officer Risley that there were no cars in front of him when he stopped his car.  There is also evidence that Stokes was agitated at the time of the conduct, namely the fact that he raised his middle finger towards Tsitsilianos.  Finally, the magistrate judge discredited Stokes's testimony that he stopped to talk to Tsitsilianos and instead found that Stokes stopped because he was agitated.  Viewed in the light most favorable to the

5

Government, the evidence was sufficient to show that Stokes intentionally stopped suddenly and without cause, the unsafe "act the law proscribes." *See Phillips*, 19 F.3d at 1576-77, *Feliciano*, 761 F.3d at 1206.

**AFFIRMED.**